## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| THEFT PREVENTION INNOVATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>EKAHAU INC.; and AIRISTA, LLC,<br><br>Defendants. | CIVIL ACTION NO. 2:16-cv-470<br><br>ORIGINAL COMPLAINT<br>FOR PATENT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Theft Prevention Innovations LLC ("Theft Prevention") files this original complaint against the above-named Defendants, alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

### PARTIES

1.      Theft Prevention is a limited liability company formed under the laws of the State of Texas, with a principal place of business in Austin, Texas.

2.      Defendant Ekahau Inc. is a corporation organized under the laws of Delaware with a place of business in Reston, VA.  It can be served through its resident agent for service of process in Virginia: Corporation Service Company, Bank of America Center, 16th Floor, 1111 East Main Street, Richmond, VA 23219.

3.      Defendant AiRISTA, LLC is a Maryland limited liability company with a place of business in Sparks, MD.  It can be served through its resident agent for service of process in Maryland: Masoud Sajjad, 406 Buedel Court, Sparks, MD 21152.

4.      AiRISTA Flow, a Real Time Location System (RTLS) technology division of AiRISTA, LLC, closed its purchase of Ekahau's RTLS U.S. and International divisions in March 2016.

5.      AiRISTA, LLC, now operates the Ekahau RTLS business.

6.      Ekahau, Inc. and AiRISTA, LLC are collectively referred to herein as "Defendant."

## JURISDICTION AND VENUE

7.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Defendant has transacted business in this district and has committed acts of patent infringement in this district.

9.      Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I: DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,671,741

10.     On March 2, 2010, United States Patent No. 7,671,741 ("the 741 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Anti-Theft Security Device and Perimeter Detection System."

11.      Theft Prevention is the owner of the 741 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 741 patent against infringers, and to collect damages for all relevant times.

2

12.     The 741 patent generally covers security systems and tags that, among other things, can be connected to merchandise and have the ability to monitor whether a party removes or attempts to remove the tag, and to emit a signal when a party has done so without authorization.

13.     Defendant, without authority from Theft Prevention, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale security systems and/or tags (the "accused products").  These acts constitute direct infringement (literally and/or under the doctrine of equivalents) under 35 U.S.C. § 271(a).  Defendant's infringement in this regard is ongoing.

14.     The accused products include at least the following models and/or systems: Ekahau Real Time Location System (RTLS), and Ekahau A4 and A4+ Asset Tags.  The accused products infringe at least claim 29 of the 741 patent.

15.     Theft Prevention has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Theft Prevention in an amount that adequately compensates Theft Prevention for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16.      Theft Prevention and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## COUNT II: DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,165,446

17.     On October 20, 2015, United States Patent No. 9,165,446 ("the 446 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Anti-Theft Security Device and Perimeter Detection System."

18.     Theft Prevention is the owner of the 446 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 446 patent against infringers, and to collect damages for all relevant times.

19.     The 446 patent generally covers security systems and tags that, among other things, can be connected to an object and have the ability to monitor whether a party removes or attempts to remove the security tag or a portion thereof, and to emit a signal when a party has done so without authorization.

20.     Defendant, without authority from Theft Prevention, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale security systems and/or tags (the "accused products").  These acts constitute direct infringement (literally and/or under the doctrine of equivalents) under 35 U.S.C. § 271(a).  Defendant's infringement in this regard is ongoing.

21.     The accused products include at least the following models and/or systems: Ekahau Real Time Location System (RTLS), and Ekahau A4 and A4+ Asset Tags.  The accused products infringe at least claim 9 of the 446 patent.

22.     Theft Prevention has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Theft Prevention in an amount that adequately compensates Theft Prevention for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

23.     Theft Prevention and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## JURY DEMAND

Theft Prevention hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Theft Prevention requests that the Court find in its favor and against Defendant and that the Court grant Theft Prevention the following relief:

a.      Judgment that one or more claims of the 741 and 446 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or all others acting in concert therewith;

b.      Judgment that Defendant account for and pay to Theft Prevention all damages to and costs incurred by Theft Prevention because of Defendant's infringing activities and other conduct complained of herein, including an award of all increased damages to which  Theft Prevention is entitled under 35 U.S.C. § 284;

c.      A permanent injunction enjoining Defendant and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the 741 and 446 patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the 741 and 446 patents by such entities;

d.      Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.      A declaration by the Court that this is an exceptional case and an award to Theft Prevention of its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f.      Other and further relief as the Court may deem just and proper under the circumstances.

Dated: May 3, 2016                              Respectfully submitted,

                                                */s/ Zachariah S. Harrington*
                                                Zachariah S. Harrington (lead attorney)
                                                Texas Bar No. 24057886
                                                zac@ahtlawfirm.com
                                                Matthew J. Antonelli
                                                Texas Bar No. 24068432
                                                matt@ahtlawfirm.com
                                                Larry D. Thompson, Jr.
                                                Texas Bar No. 24051428
                                                larry@ahtlawfirm.com
                                                ANTONELLI, HARRINGTON
                                                & THOMPSON LLP
                                                4306 Yoakum Blvd., Ste. 450
                                                Houston, TX 77006
                                                (713) 581-3000
                                                (713) 581-3020 fax

                                                *Attorneys for Theft Prevention Innovations LLC*