## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |  |
|---|---|---|
| **THEFT PREVENTION INNOVATIONS, LLC,** | : | |
| | : | |
| Plaintiff and Counterclaim Defendant, | : | |
| | : | |
| v. | : | C.A. NO.: 2:16-CV-470-RWS |
| | : | |
| **EKAHAU, INC.;** | : | PATENT CASE |
| | : | |
| Defendant | : | JURY TRIAL DEMANDED |
| | : | |
| and | : | |
| | : | |
| **AIRISTA, LLC**; **AIRISTA FLOW, INC.; and AIRISTA INTERNATIONAL OY** | : | |
| | : | |
| Defendants and Counterclaim Plaintiffs | : | |

|  |  |  |
|---|---|---|
| **AIRISTA, LLC AIRISTA FLOW, INC.; and AIRISTA INTERNATIONAL OY** | : | |
| | : | |
| Crossclaim and Third-Party Plaintiffs | : | |
| | : | C.A. NO.: 2:16-CV-470-RWS |
| v. | : | |
| | : | NONPATENT CASE |
| **EKAHAU, INC.;** | : | |
| | : | |
| Crossclaim Defendant | : | |
| | : | |
| and | : | |
| | : | |
| **EKAHAU OY** | : | |
| | : | |
| Third-Party Defendant | : | |

**AIRISTA'S: (I) ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO THEFT PREVENTION'S COMPLAINT;
(II) CROSSCLAIM AGAINST EKAHAU, INC.;
AND (III) THIRD-PARTY COMPLAINT AGAINST EKAHAU OY**

Defendants AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy
(collectively "AiRISTA") set forth their: (i) answer, affirmative defenses, and counterclaims to
the numbered paragraphs of plaintiff Theft Prevention Innovation, LLC's ("Theft Prevention")
September 19, 2016 First Amended Complaint (ECF No. 23); (ii) crossclaim against defendant
and Ekahau, Inc.; and (iii) third-party complaint against third-party defendant Ekahau Oy.

**ANSWER TO THEFT PREVENTION'S
AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

**PARTIES**

1.      Theft Prevention is a limited liability company formed under the laws of the State
of Texas, with a principal place of business in Austin, Texas.

**Answer:** AiRISTA lacks knowledge or information sufficient to form a belief as to the
truth of the allegations contained in paragraph 1 and therefore denies them.

2.      Defendant Ekahau Inc. is a corporation organized under the laws of Delaware
with a place of business in Reston, VA.  It can be served through its resident agent for service of
process in Virginia: Corporation Service Company, Bank of America Center, 16th Floor, 1111
East Main Street, Richmond VA 23219.

**Answer:** AiRISTA lacks knowledge or information sufficient to form a belief as
to the truth of the allegations contained in paragraph 2 and therefore denies them.

3.      Defendant AiRISTA, LLC is a Maryland limited liability company with a place of
business in Sparks, MD.  It can be served through its resident agent for service of process in
Maryland: Massoud Sajjad, 406 Buedel Court, Sparks, MD 21152.

**Answer:** AiRISTA admits the allegations in paragraph 3.

4.      Defendant AiRISTA Flow, Inc. is a Delaware corporation with a place of business at 12 Timber Creek Lane, Newark, Delaware 19711.  It can be served through its counsel (by agreement): Eugene LeDonne, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, New York, NY 10151.

**Answer:** AiRISTA admits the allegations in paragraph 4.

5.      Defendant AiRISTA International Oy is a Finnish entity with a place of business at c/o Asianajotoimisto DLA Piper Finland Oy, Fabianinkatu 23, 00130 Helsinki, Finland.  It can be served through its counsel (by agreement): Eugene LeDonne, Frommer Lawrence & Haug LLP, 745 Fifth Avenue, New York, NY 10151.

**Answer:** AiRISTA admits the allegations in paragraph 5.

6.      Defendants AiRISTA, Inc.; AiRISTA Flow, Inc.; and AiRISTA International Oy are collectively referred to herein as "AiRISTA."

**Answer:** AiRISTA admits that plaintiffs' amended complaint uses the term "AiRISTA" to refer collectively to defendants AiRISTA, Inc., AiRISTA Flow, Inc., and AiRISTA International Oy.

7.      AiRISTA Flow, a Real Time Location System (RTLS) technology division of AiRISTA, LLC, closed its purchase of Ekahau's RTLS U.S. and International Divisions in March 2016.

**Answer:** AiRISTA admits that AiRISTA Flow, Inc. and AiRISTA International Oy entered into an Asset Purchase Agreement with Ekahau, Inc. and Ekahau Oy on or around February 19, 2016.  AiRISTA denies the remaining allegations in paragraph 7.

8.      AiRISTA now operates the Ekahau RTLS business.

**Answer:** AiRISTA admits that AiRISTA Flow, Inc. and AiRISTA International Oy entered into an Asset Purchase Agreement with Ekahau, Inc. and Ekahau Oy on or around February 19, 2016 for the purchase of certain assets, properties, and rights from Ekahau, Inc. and Ekahau Oy.  AiRISTA denies the remaining allegations in paragraph 8.

9.    Ekahau, Inc. and AiRISTA are collectedly referred to herein as "Defendant."

**Answer:** AiRISTA admits that plaintiffs' amended complaint uses the term "Defendant" to refer collectively to defendants AiRISTA, Inc., AiRISTA Flow, Inc., AiRISTA International Oy, and Ekahau, Inc.

## JURISDICTION AND VENUE

10.    This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. §§ 1331 and 1338(a).

**Answer:** AiRISTA admits that this is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  The remaining allegations in paragraph 10 set forth legal conclusions for which no response is required.  To the extent a response is required and for purposes of this lawsuit only, AiRISTA does not contest that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

11.    Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).  Defendant has transacted business in this district and has committed acts of patent infringement in this district.

**Answer:** The allegations in paragraph 5 set forth legal conclusions for which no response is required.  To the extent a response is required and for purposes of this lawsuit only,

AiRISTA admits that venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).  AiRISTA denies the remaining allegations in paragraph 11 and denies that Plaintiff's infringement claims have any factual or legal merit.

12.     Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods or services provided to individuals in Texas and in this district.

**Answer:** The allegations in paragraph 12 set forth legal conclusions for which no response is required.  To the extent a response is required and for purposes of this lawsuit only, AiRISTA admits that the Court has jurisdiction.  AiRISTA denies the remainder of the allegations in paragraph 12 and denies that Plaintiff's infringement claims have any factual or legal merit.

## COUNT I: ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,671,741

13.     On March 2, 2010, United States Patent No. 7,671,741 ("the 741 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Anti-Theft Security Device and Perimeter Detection System."

**Answer:** The allegations in paragraph 13 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA admits that the face of U.S. Patent No. 7,671,741 ("the '741 patent") states that it issued on March 2, 2010 and that it is entitled "Anti-Theft Security Device and Perimeter Detection System."  AiRISTA denies that the '741 was duly and legally issued and denies the remaining allegations of paragraph 13.

14.    Theft Prevention is the owner of the 741 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 741 patent against infringers, and to collect damages for all relevant times.

**Answer:** The allegations in paragraph 14 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies them.

15.    The 741 patent generally covers security systems and tags that, among other things, can be connected to merchandise and have the ability to monitor whether a party removes or attempts to remove the tag, and to emit a signal when a party has done so without authorization.

**Answer:** The allegations in paragraph 15 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA denies the allegations in paragraph 15.

16.    Defendant, without authority from Theft Prevention, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale security systems and/or tags (the "accused products").  These acts constitute direct infringement (literally and/or under the doctrine of equivalents) under 35 U.S.C. § 271(a).  Defendant's infringement in this regard is ongoing.

**Answer:** The allegations in paragraph 16 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA denies the allegations contained in paragraph 16.

17.     The accused products include at least the following models and/or systems: Ekahau Real Time Location System (RTLS), and Ekahau A4 and A4+ Asset Tags.  The accused products infringe at least claim 29 of the 741 patent.

**Answer:** AiRISTA admits that Plaintiff has identified the Ekahau Real Time Location System (RTLS), Ekahau A4 Asset Tag, and Ekahau A4+ Asset Tag in its amended complaint.  The remaining allegations in paragraph 17 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA denies the remaining allegations in paragraph 17 and denies that Plaintiff's infringement claims have any factual or legal merit.

18.     Theft Prevention has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Theft Prevention in an amount that adequately compensates Theft Prevention for such infringements, which, by law, cannot be less than a reasonable royalty, together with interests and costs as fixed by this Court under 35 U.S.C. § 284.

**Answer:** The allegations in paragraph 18 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA denies the allegations contained in paragraph 18.

19.     Theft Prevention and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

**Answer:** The allegations in paragraph 19 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA denies the allegations contained in paragraph 19.

## COUNT II: ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 9,165,446

20.    On October 20, 2015, United States Patent No. 9,165,446 ("the 446 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Anti-Theft Security Device and Perimeter Detection System."

**Answer:** The allegations in paragraph 20 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA admits that the face of U.S. Patent No. 9,165,446 ("the '446 patent") states that it issued on October 20, 2015 and that it is entitled "Anti-Theft Security Device and Perimeter Detection System."  AiRISTA denies that the '446 was duly and legally issued and denies the remaining allegations of paragraph 20.

21.    Theft Prevention is the owner of the 446 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 446 patent against infringers, and to collect damages for all relevant times.

**Answer:** The allegations in paragraph 21 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and therefore denies them.

22.    The 446 patent generally covers security systems and tags that, among other things, can be connected to an object and have the ability to monitor whether a party removes or attempts to remove the security tag or a portion thereof, and to emit a signal when a party has done so without authorization.

**Answer:** The allegations in paragraph 22 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA denies the allegations in paragraph 22.

23.    Defendant, without authority from Theft Prevention, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale security systems and/or tags (the "accused products").  These acts constitute direct infringement (literally and/or under the doctrine of equivalents) under 35 U.S.C. § 271(a).  Defendant's infringement in this regard is ongoing.

**Answer:** The allegations in paragraph 23 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA denies the allegations contained in paragraph 23.

24.    The accused products include at least the following models and/or systems: Ekahau Real Time Location System (RTLS), and Ekahau A4 and A4+ Asset Tags.  The accused products infringe at least claim 9 of the 446 patent.

**Answer:** AiRISTA admits that Plaintiff has identified the Ekahau Real Time Location System (RTLS), Ekahau A4 Asset Tag, and Ekahau A4+ Asset Tag in its amended complaint.  The remaining allegations in paragraph 24 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA denies the remaining allegations in paragraph 24 and denies that Plaintiff's infringement claims have any factual or legal merit.

25.    Theft Prevention has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Theft Prevention in an amount that adequately compensates Theft Prevention for such infringements, which, by law, cannot be less than a reasonable royalty, together with interests and costs as fixed by this Court under 35 U.S.C. § 284.

**Answer:** The allegations in paragraph 25 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA denies the allegations contained in paragraph 25.

26.    Theft Prevention and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

**Answer:** The allegations in paragraph 26 set forth legal conclusions for which no response is required.  To the extent a response is required, AiRISTA denies the allegations contained in paragraph 26.

## GENERAL DENIEAL AND RESPONSE TO PRAYER FOR RELIEF

Except as specifically admitted, AiRISTA denies each allegation contained in paragraphs 1-26 of Theft Prevention's amended complaint.  AiRISTA also denies that Theft Prevention is entitled to any of the relief requested in its prayer for relief.

## AFFIRMATIVE DEFENSES

Responding further to Theft Prevention's amended complaint and without any admission as to the burden of proof or as to any of the assertions in the complaint, AiRISTA sets forth the following affirmative defenses, which incorporate the paragraphs of AiRISTA's answer (above) and counterclaims (below).  AiRISTA reserves the right to amend its answer to plead additional defenses that discovery may reveal, such as unenforceability of the asserted patents or patent misuse.

## FIRST AFFIRMATIVE DEFENSE
### (Noninfringement of the '741 Patent)

AiRISTA does not infringe (directly, contributorily, or by inducement) any valid claim of the '741 patent under 35 U.S.C. § 271 or under any theory of infringement.

## SECOND AFFIRMATIVE DEFENSE
### (Noninfringement of the '446 Patent)

AiRISTA does not infringe (directly, contributorily, or by inducement) any valid claim of the '446 patent under 35 U.S.C. § 271 or under any theory of infringement.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity of the '741 Patent)

The claims of the '741 patent are invalid because they fail to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.* and, more particularly, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Invalidity of the '446 Patent)

The claims of the '446 patent are invalid because they fail to comply with the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq.* and, more particularly, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

Theft Prevention's claim against AiRISTA regarding the '741 patent is barred, in whole or in part, by 35 U.S.C. § 286 and/or the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

Theft Prevention's claim against AiRISTA regarding the'446 patent is barred, in whole or in part, by 35 U.S.C. § 286 and/or the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

Theft Prevention is barred in whole or in part from recovering damages under 35 U.S.C. § 287.

## EIGHTH AFFIRMATIVE DEFENSE
### (Assertion of an Invalid Claim)

Theft Prevention is barred from recovering costs associated with this action under 35

U.S.C. § 288.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Entitlement to Damages)

Theft Prevention is not entitled to any compensatory or punitive damages under federal

law.

## AIRISTA'S COUNTERCLAIMS

AiRISTA asserts these counterclaims against Theft Prevention and alleges as follows:

## NATURE OF THE CLAIMS

1.     AiRISTA's counterclaims seek relief under the Declaratory Judgment Act that the

'741 and '446 patents are invalid and not infringed.

## THE PARTIES

2.     AiRISTA, LLC is a Maryland corporation with a place of business in Sparks,

Maryland 21152.

3.     AiRISTA Flow, Inc., is a Delaware corporation with a place of business at 12

Timber Creek Lane, Newark, Delaware 19711.

4.     AiRISTA International Oy is a Finnish entity with a place of business at c/o

Asianajotoimisto DLA Piper Finland Oy, Fabianinkatu 23, 00130 Helsinki, Finland.

5.     On information and belief, Theft Prevention is a Texas corporation, having a

principal place of business in Austin, Texas.

## JURISDICTION AND VENUE

6.      AiRISTA's federal-law claims arise under the patent laws of the United States, 35

U.S.C. § 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7.      AiRISTA seeks declaratory relief, i.e., a declaration that the '741 and '446 patents

are invalid and not infringed.  Thus, AiRISTA asserts substantial claims arising under the United

States Patent Act, 35 U.S.C. § 1 *et seq*.

8.      This Court has subject matter jurisdiction over AiRISTA's claims under 28

U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

9.      This Court has personal jurisdiction over Theft Prevention because, among other

things, Theft Prevention has asserted the '741 and 446 patents against AiRISTA in Theft

Prevention's amended complaint.

10.      Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

### Theft Prevention's Patents

11.      On March 2, 2010, the U.S. Patent and Trademark Office issued the '741 patent,

entitled "Anti-Theft Security Device and Perimeter Detection System."  AiRISTA has attached a

copy of the '741 patent as Exhibit 1.

12.      On October 20, 2015, the U.S. Patent and Trademark Office issued the '446

patent, entitled "Anti-Theft Security Device and Perimeter Detection System."  AiRISTA has

attached a copy of the '446 patent as Exhibit 2.

### COUNT I - DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '741 PATENT

13.      AiRISTA repeats and incorporates each paragraph of its counterclaim.

14.    Theft Prevention has asserted the '741 patent against AiRISTA.  Theft Prevention maintains—and AiRISTA denies—that the '741 patent covers certain products, including Ekahau Real Time Location System (RTLS), Ekahau A4 Asset Tag, and Ekahau A4+ Asset Tag.

15.    These products do not infringe any valid claim of the '741 patent in any manner under 35 U.S.C. § 271, willfully or otherwise, either literally or under the doctrine of equivalents.

16.    Thus, AiRISTA has not infringed and will not infringe the '741 patent by making, using, selling, offering for sale, marketing, or importing any of its products.

17.    AiRISTA and Theft Prevention have adverse legal interests and there is a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the noninfringement of the '741 patent.

18.    AiRISTA is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of its products do not infringe the '471 patent.

### COUNT II - DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '446 PATENT

19.    AiRISTA repeats and incorporates each paragraph of its counterclaim.

20.    Theft Prevention has asserted the '446 patent against AiRISTA.  Theft Prevention maintains—and AiRISTA denies—that the '446 patent covers certain products, including Ekahau Real Time Location System (RTLS), Ekahau A4 Asset Tag, and Ekahau A4+ Asset Tag.

21.    These products do not infringe any valid claim of the '446 patent in any manner under 35 U.S.C. § 271, willfully or otherwise, either literally or under the doctrine of equivalents.

22.    Thus, AiRISTA has not infringed and will not infringe the '446 patent by making, using, selling, offering for sale, marketing, or importing any of its products.

14

23.     AiRISTA and Theft Prevention have adverse legal interests and there is a substantial controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the noninfringement of the '446 patent.

24.     AiRISTA is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of its products do not infringe the '446 patent.

### COUNT III - DECLARATORY JUDGMENT
### OF INVALIDITY OF THE '741 PATENT

25.     AiRISTA repeats and incorporates each paragraph of its counterclaim.

26.     On information and belief, one or more claims of the '741 patent are invalid for failing to comply with at least one of the requirements of the patent laws of the United States, including for example 35 U.S.C. § 101 *et seq*.

27.     Theft Prevention maintains—and AiRISTA denies—that the '741 patent is valid.

28.     An actual case or controversy has arisen between AiRISTA and Theft Prevention regarding the validity of the '741 patent.

29.     A declaration of rights is both necessary and appropriate to establish that the '741 patent is invalid under 35 U.S.C. § 101 *et seq*.

### COUNT IV - DECLARATORY JUDGMENT
### OF INVALIDITY OF THE '446 PATENT

1.     AiRISTA repeats and incorporates each paragraph of its counterclaim.

2.     On information and belief, one or more claims of the '446 patent are invalid for failing to comply with at least one of the requirements of the patent laws of the United States, including for example 35 U.S.C. § 101 *et seq*.

3.     Theft Prevention maintains—and AiRISTA denies—that the '446 patent is valid.

4.     An actual case or controversy has arisen between AiRISTA and Theft Prevention regarding the validity of the '446 patent.

15

5.     A declaration of rights is both necessary and appropriate to establish that the '446 patent is invalid under 35 U.S.C. § 101 *et seq*.

## REQUEST FOR JURY TRIAL

6.     AiRISTA requests a trial by jury under Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

WHEREFORE, AiRISTA respectfully requests judgment in its favor and against Theft Prevention as follows:

a.     Denying each request for relief made by Theft Prevention;

b.     Declaring the '741 and '446 patents patent not infringed by the making, using, selling, offering for sale, marketing, or importation of any of AiRISTA's products;

c.     Declaring the '741 and '446 patents and all their claims invalid;

d.     Enjoining Theft Prevention, their officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all that are in active concert or participation with them from threatening to assert or otherwise attempting to enforce the '741 and '446 patents against AiRISTA, its customers, suppliers, or anyone in privity with AiRISTA;

e.     Adjudging that this case is exceptional in accordance with 35 U.S.C. § 285 and awarding AiRISTA its attorney's fees;

f.     Awarding AiRISTA its costs expenses in this action;

g.     Dismissing the complaint with prejudice; and

h.     Awarding AiRISTA further and other relief as the Court may deem appropriate.

## AIRSTA, LLC'S, AIRISTA FLOW, INC.'S, AND AIRISTA INTERNATIONAL OY'S CROSSCLAIM AGAINST EKAHAU, INC. AND THIRD-PARTY COMPLAINT AGAINST EKAHAU OY

AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy assert these crossclaims against Ekahau, Inc. and this third-party complaint against Ekahau Oy and allege as follows:

### NATURE OF THE CROSSCLAIMS AND THIRD-PARTY COMPLAINT

7.      AiRISTA Flow, Inc.'s and AiRISTA International Oy's crossclaims against Ekahau, Inc. and third-party complaint against Ekahau Oy seek relief for breach of contract.

8.      AiRISTA, LLC's, AiRISTA Flow, Inc.'s, and AiRISTA International Oy's crossclaims and third-party complaint also seek relief under the Declaratory Judgment Act that: (i) Ekahau, Inc. and Ekahau Oy have a duty to indemnify, defend, and reimburse AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy for any losses incurred or sustained by, or imposed upon AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy in connection with infringement claims, such as the claims asserted by Theft Prevention (the "Theft Prevention Litigation"); and (ii) AiRISTA Flow, Inc. and AiRISTA International Oy have no duty to indemnify, defend, and reimburse Ekahau, Inc. or Ekahau Oy for any losses incurred or sustained by, or imposed upon Ekahau, Inc. or Ekahau Oy in connection with infringement claims, such as the Theft Prevention Litigation.

### THE PARTIES

9.      AiRISTA, LLC is a Maryland limited liability company with a place of business in Sparks, Maryland.

10.     AiRISTA Flow, Inc., is a Delaware corporation with a place of business at 12 Timber Creek Lane, Newark, Delaware 19711.

11.     AiRISTA International Oy is a Finnish entity with a place of business at c/o Asianajotoimisto DLA Piper Finland Oy, Fabianinkatu 23, 00130 Helsinki, Finland.

12.     Ekahau, Inc. is a Delaware corporation, having a registered office at 1851 Alexander Bell Dr. Suite 105, Reston, VA 20191.

13.     Ekahau Oy is a Finnish entity with a place of business at Hiilikatu 3, 00180 Helsinki, Finland.

14.     Ekahau, Inc. and Ekahau Oy (collectively "Ekahau") are engaged in the business of the development, design, production, and supply of Real Time Location Systems ("RTLS") software, accessories, and supporting services.

## JURISDICTION AND VENUE

15.     This Court has supplemental jurisdiction over AiRISTA, LLC's, AiRISTA Flow, Inc.'s, and AiRISTA International Oy's crossclaims and third-party complaint under 28 U.S.C. § 1367.

16.     This Court has personal jurisdiction over Ekahau, Inc., because, among other things, Theft Prevention has asserted the '741 and '446 patents against Ekahau, Inc. in Theft Prevention's amended complaint.

17.     This Court has personal jurisdiction over Ekahau, Inc. and Ekahau Oy because, among other things, Ekahau, Inc. and Ekahau Oy have submitted to the jurisdiction of this Court under Section 9.10(b) of the February 29, 2016 Asset Purchase Agreement entered into by and between Ekahau, Inc., Ekahau Oy, AiRISTA Flow, Inc., and AiRISTA International Oy.

18.     Venue is appropriate in this Court because venue is proper in the first-party/original action under 28 U.S.C. § 1391(b).

19.     Venue is also appropriate in this Court because under Section 9.10(b) of the Asset Purchase Agreement, Ekahau, Inc. and Ekahau Oy agreed not to contest venue.

## FACTUAL BACKGROUND

20.     On or about February 29, 2016, AiRISTA Flow, Inc., AiRISTA International Oy, as buyers, Ekahau, Inc., and Ekahau Oy, as sellers, entered into an Asset Purchase Agreement ("APA").

21.     In § 2.01 of the APA, Ekahau, Inc. and Ekahau Oy represented and warranted that the conveyed assets were free and clear of any encumbrances, broadly defined under the APA to include claims and restrictions on use.

22.     Among other sections, §§ 4.19 and 8.02(a) of the APA require Ekahau, Inc. and Ekahau Oy to indemnify, defend, and reimburse AiRISTA Flow, Inc. and AiRISTA International Oy, and their affiliates, for any and all losses incurred by AiRISTA Flow, Inc. and AiRISTA International Oy, and their affiliates, in connection with infringement claims.

23.     As defined in Article 1 of the APA, AiRISTA, LLC is an affiliate of AiRISTA Flow, Inc. and AiRISTA International Oy. Additionally, AiRISTA, LLC is a third-party beneficiary to the APA pursuant to § 9.08.

24.     Among other sections, § 2.03 of the APA does not require AiRISTA Flow, Inc. and AiRISTA International Oy to indemnify, defend, and reimburse Ekahau, Inc. or Ekahau Oy for any losses incurred by Ekahau, Inc. and Ekahau Oy in connection with infringement claims.

25.     To establish an indemnification claim under the APA, § 8.05 requires the party seeking indemnification to notify the indemnifying party of the infringement claims.

26.     On May 5, 2016, Theft Prevention filed its complaint in this action for patent infringement against AiRISTA, LLC and Ekahau, Inc.

27.     On May 12, 2016, Ekahau, Inc. and Ekahau Oy sent a letter to AiRISTA Flow, Inc. and AiRISTA International Oy seeking indemnification with respect to the infringement claims made by Theft Prevention.

28.     On May 13, 2016, AiRISTA Flow, Inc. and AiRISTA International Oy sent a letter to Ekahau, Inc. and Ekahau Oy: (i) rejecting Ekahau, Inc.'s and Ekahau Oy's indemnification claim in connection with the Theft Prevention Litigation; and (ii) seeking indemnification with respect to the infringement claims made by Theft Prevention.

29.     On August 22, 2016, Ekahau, Inc. and Ekahau Oy sent a letter to AiRISTA Flow, Inc. and AiRISTA International Oy: (i) rejecting AiRISTA Flow, Inc.'s and AiRISTA International Oy's indemnification claim in connection with the Theft Prevention Litigation; and (ii) seeking indemnification with respect to the infringement claims made by Theft Prevention.

30.     On September 19, 2016, Theft Prevention filed and served its first amended complaint (ECF No. 23).

31.     Theft Prevention's amended complaint added AiRISTA Flow, Inc. and AiRISTA International Oy as parties and asserted that the Ekahau Real Time Location System (RTLS), Ekahau A4 Asset Tag, and Ekahau A4+ Asset Tag infringe claim 29 of the '741 patent and claim 9 of the '446 patent.

32.     On September 23, 2016, AiRISTA Flow, Inc. and AiRISTA International Oy sent a letter to Ekahau, Inc. and Ekahau Oy rejecting Ekahau, Inc.'s and Ekahau Oy's indemnification claim in connection with the Theft Prevention Litigation.

33.     On September 26, 2016, Ekahau, Inc. and Ekahau Oy sent a letter to AiRISTA Flow, Inc. and AiRISTA International Oy rejecting AiRISTA Flow, Inc.'s and AiRISTA International Oy's indemnification claim in connection with the Theft Prevention Litigation.

## COUNT I – BREACH OF CONTRACT

34.    AiRISTA Flow, Inc. and AiRISTA International Oy repeat and incorporate each paragraph of their crossclaim and third-party complaint.

35.    On or about February 29, 2016, AiRISTA Flow, Inc., AiRISTA International Oy, Ekahau, Inc., and Ekahau Oy entered into the APA.

36.    Despite Ekahau, Inc. and Ekahau Oy's representation in § 2.01 of the APA that the assets sold pursuant to the APA were free and clear of encumbrances, Theft Prevention sued AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy for infringement based on assets AiRISTA Flow, Inc. and AiRISTA International Oy purchased from Ekahau, Inc. and Ekahau Oy under the APA.

37.    Theft Prevention's infringement claims constitute a material breach of § 2.01 of the APA.

38.    AiRISTA Flow, Inc. and AiRISTA International Oy have demanded that Ekahau, Inc. and Ekahau Oy fully perform their obligations under §§ 4.19 and 8.02(a) of the APA by indemnifying, defending, and reimbursing AiRISTA Flow, Inc. and AiRISTA International Oy in connection with infringement claims made by Theft Prevention.

39.    Ekahau, Inc. and Ekahau Oy have refused to indemnify, defend, and reimburse AiRISTA Flow, Inc., AiRISTA International Oy, and their affiliate AiRISTA, LLC, in connection with Theft Prevention's infringement claims.

40.    Ekahau, Inc.'s and Ekahau Oy's refusal to indemnify, defend, and reimburse AiRISTA Flow, Inc. and AiRISTA International Oy, and their affiliate, AiRISTA, LLC, against Theft Prevention's infringement claims is a material breach of §§ 4.19 and 8.02(a) of the APA.

21

41.     Ekahau, Inc.'s and Ekahau Oy's breaches of the APA have caused injury to AiRISTA Flow, Inc. and AiRISTA International Oy.

42.     Pursuant to § 8.02 of the APA, AiRISTA Flow, Inc. and AiRISTA International Oy are entitled to their reasonable attorneys' fees and costs.

## COUNT II – DECLARATORY JUDGMENT
## UNDER 28 U.S.C. § 2201 OF INDEMNIFICATION FROM EKAHAU

43.     AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy repeat and incorporate each paragraph of their crossclaim and third-party complaint.

44.     The APA is a valid and binding contract.  Under §§ 4.19 and 8.02 of the APA, Ekahau, Inc. and Ekahau Oy have an obligation to conduct the defense against infringement claims, to pay all expenses and fees of counsel incurred in connection with AiRISTA Flow, Inc.'s and AiRISTA International Oy's, and their affiliate, AiRISTA, LLC's, defense of these claims, and to indemnify AiRISTA Flow, Inc. and AiRISTA International Oy, and their affiliate, AiRISTA, LLC, for any costs, damages, and losses recovered in connection with infringement claims—including reasonable attorneys' fees and costs pursuant to § 8.02 of the APA.

45.     There is an actual controversy between the parties requiring declaratory relief. AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy assert that Ekahau, Inc. and Ekahau Oy have an obligation to indemnify, defend, and reimburse AiRISTA Flow, Inc. and AiRISTA International Oy, and their affiliate, AiRISTA, LLC.  Ekahau, Inc. and Ekahau Oy have affirmatively stated that they will not indemnify, defend, or reimburse against infringement claims.

46.     Due to Ekahau, Inc.'s and Ekahau Oy's refusal to indemnify AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy in connection with patent infringement actions, AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy have been forced

to incur costs defending themselves against infringement claims.  Pursuant to § 8.02 of the APA, those costs, which include reasonable attorneys' fees, are recoverable by AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy.

47.    Pursuant to § 8.02 of the APA, AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy are also entitled to recover their reasonable attorneys' fees and costs associated with the cross claims and third-party complaint.

48.    Therefore, AiRISTA Flow, Inc. and AiRISTA International Oy seek a declaration that pursuant to §§ 4.19 and 8.02 of the APA Ekahau, Inc. and Ekahau Oy have a legal duty to conduct the defense against infringement claims (including the Theft Prevention Litigation), to pay all expenses and fees of counsel incurred in connection with AiRISTA Flow, Inc.'s and AiRISTA International Oy's, and their affiliate, AiRISTA, LLC's, defense of these claims, and to indemnify AiRISTA Flow, Inc., AiRISTA International Oy, and their affiliate, AiRISTA, LLC, for any costs, damages, and losses (if any) recovered in connection with infringement claims—including reasonable attorneys' fees and costs incurred defending infringement claims and enforcing their right to indemnification pursuant to § 8.02 of the APA.

## COUNT III – DECLARATORY JUDGMENT
## UNDER 28 U.S.C. § 2201 OF NO INDEMNIFICATION TO EKAHAU

49.    AiRISTA Flow, Inc. and AiRISTA International Oy repeat and incorporate each paragraph of their crossclaim and third-party complaint.

50.    Ekahau, Inc. and Ekahau Oy have sought indemnification from AiRISTA Flow, Inc. and AiRISTA International Oy under § 2.03 of the APA in connection with the Theft Prevention Litigation.

51.    AiRISTA Flow, Inc. and AiRISTA International Oy assert that they do not have a duty to indemnify, defend, or reimburse Ekahau, Inc. and Ekahau Oy in connection with the infringement claims.

52.    There is an actual controversy between the parties requiring declaratory relief.

53.    Accordingly, AiRISTA Flow, Inc. and AiRISTA International Oy seek a declaration that AiRISTA Flow, Inc. and AiRISTA International Oy do not have a legal duty pursuant to § 2.03 of the APA to conduct the defense against infringement claims (including the Theft Prevention Litigation), to pay all expenses and fees of counsel incurred in connection with Ekahau, Inc. and Ekahau Oy's defense of these claims, and to indemnify Ekahau, Inc. and Ekahau Oy for any costs, damages, and losses (if any) recovered in connection with infringement claims—including reasonable attorneys' fees and costs incurred defending infringement claims and enforcing their right to indemnification pursuant to § 8.02 of the APA.

## PRAYER FOR RELIEF

WHEREFORE, AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy respectfully request judgment in their favor and against Ekahau, Inc. and Ekahau Oy as follows:

a.    Finding Ekahau, Inc. and Ekahau Oy breached §§ 2.01, 4.19, and 8.02 of the APA by breaching their warranties and representations and by failing to indemnify, defend, and reimburse AiRISTA, LLC, AiRISTA Flow, Inc. and AiRISTA International Oy;

b.    Awarding AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy damages in an amount to be proven at trial;

c.    Declaring that pursuant to §§ 4.19 and 8.02 of the APA, Ekahau, Inc. and Ekahau Oy have a legal duty to conduct the defense against infringement claims

24

(including the Theft Prevention Litigation), to pay all expenses and fees of counsel incurred in connection with AiRISTA Flow, Inc.'s and AiRISTA International Oy's, and their affiliate, AiRISTA, LLC's, defense of these claims, and to indemnify AiRISTA Flow, Inc. and AiRISTA International Oy, and their affiliate, AiRISTA, LLC, for any costs, damages, and losses (if any) recovered in connection with infringement claims—including reasonable attorneys' fees and costs incurred defending infringement claims and enforcing their right to indemnification pursuant to § 8.02 of the APA;

d.    Declaring that AiRISTA Flow, Inc. and AiRISTA International Oy do not have a legal duty pursuant to § 2.03 of the APA to conduct the defense against infringement claims (including the Theft Prevention Litigation), to pay all expenses and fees of counsel incurred in connection with Ekahau, Inc. and Ekahau Oy's defense of these claims, and to indemnify Ekahau, Inc. and Ekahau Oy for any costs, damages, and losses (if any) recovered in connection with infringement claims—including reasonable attorneys' fees and costs incurred defending infringement claims and enforcing their right to indemnification pursuant to § 8.02 of the APA;

e.    Awarding AiRISTA, LLC, AiRISTA Flow, Inc. and AiRISTA International Oy attorney's fees, legal costs, and pre-and post-judgment interest pursuant to § 8.02 of the APA;

f.    Awarding AiRISTA, LLC, AiRISTA Flow, Inc., and AiRISTA International Oy further and other relief as the Court may deem appropriate.

Dated: October 26, 2016

Respectfully submitted,

/s/ Eugene LeDonne

Craig B. Florence (Texas Bar No. 07158010)
cflorence@gardere.com
Stephen Higdon (Texas Bar No. 24087719)
shigdon@gardere.com
**GARDERE WYNNE SEWELL LLP**
1601 Elm Street, Suite 3000
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667

Eugene LeDonne (admitted pro hac vice)
eledonne@flhlaw.com
Sam V. Desai (admitted pro hac vice)
sdesai@flhlaw.com
**FROMMER LAWRENCE & HAUG LLP**
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500

*Attorneys for Defendants*
*AiRISTA, LLC*
*AiRISTA Flow, Inc.*
*AiRISTA International Oy*

## <u>CERTIFICATE OF SERVICE</u>

I certify that counsel of record have been served with a copy of "AIRISTA'S (I)

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THEFT

PREVENTION'S COMPLAINT; (II) CROSSCLAIM AGAINST EKAHAU, INC.; AND (III)

THIRD-PARTY COMPLAINT AGAINST EKAHAU OY" via the Court's CM/ECF system on

this 26th day of October, 2016.

/s/ Sam V. Desai